```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,            )
                                 )
     v.                          )      No. S1-4:08 CR 538 JCH
                                 )                          DDN
                                 )
MARCO CARDOSO-CISNEROS, et al.,  )
                                 )
            Defendants.           )

## MEMORANDUM AND ORDER

On January 13, 2009, defendant Marco Cardoso-Cisneros appeared before the court, with counsel, and was arraigned upon the superseding indictment. Defendant Cardoso-Cisneros is charged by superseding indictment with 35 counts of conspiracy to defraud, identity theft, aggravated identity theft, and possession of false identification documents.

Following the arraignment, defendant Cardoso-Cisneros, through counsel, and personally through an interpreter, orally waived his right to a pretrial hearing on all of the pretrial motions he had previously filed, except for the motion to produce the identity of any confidential informant, Document 46. At that time he voluntarily withdrew all of the motions previously filed, except Document 46.[1]

### Document 46

Defendant Cardoso-Cisneros moves for the disclosure of the identity of the confidential informant and any confidential sources used by the government. (Doc. 46.) In support of this motion, defendant argues that the investigation report of the St. Charles Police Department indicates that information was received by the police on September 1, 2008, at 6:30 a.m.

---

[1] On January 8, 2009, through counsel, defendant Cardoso-Cisneros filed a documentary motion to withdraw all motions to suppress and to proceed only with the motion regarding the confidential informant. (Doc. 72.)

In response, the United States states that an informant provided a tip to the police that defendant Cardoso-Cisneros might be involved in drug crimes, not the fraudulent conduct at issue in this case. (Doc. 55.)

The court understand from the arguments made by the government and the defendant that, although someone provided a tip to the police, that person was not a material witness in this case. That is, the person did not witness any fact or event that the government will offer into evidence or seek to prove in its case-in-chief at the defendant's trial on the current indictment.

Under <u>Roviaro v. United States</u>, 353 U.S. 53 (1957), a defendant is not necessarily entitled to discovery of an informant's identity. Rather, the court must balance the defendant's need to know the identity of the informant with the public's interest in keeping the identity confidential. The defendant's need for disclosure might be established by showing that the informant was a material witness[2] to the events to be proved at trial or that the informant's testimony is crucial to his defense. <u>Id.</u> at 64-65; <u>United States v. Feldewerth</u>, 982 F.2d 322, 324 (8th Cir. 1993). The public interest in preserving the informant's anonymity and encouraging citizens to report crimes is very strong. <u>Roviaro</u>, 353 U.S. at 59-62.

Consequently,

> [t]he burden is on the defendant to show the materiality of the need for disclosure of a confidential informant's identity. <u>United States v. Grisham</u>, 748 F.2d 460, 463-64 (8th Cir. 1984). That burden requires more than mere speculation that the testimony of the informant might prove to be helpful to the defense. <u>Id.</u> at 464. <u>United States v. Buffington</u>, 815 F.2d 1292, 1299 (9th Cir. 1987). There must be some showing that the disclosure is vital to a fair trial. <u>United States v. Weir</u>, 575 F.2d 668, 673 (8th Cir. 1978).

<u>United States v. Curtis</u>, 965 F.2d 610, 614 (8th Cir. 1992).

---

[2] "[I]f the informant is an active participant in the conduct charged, the informant's identity is 'almost always' material and thus the government must 'make every reasonable effort to have the informant made available to the defendant.'" <u>United States v. Sanchez</u>, 429 F.3d 753, 756 (8th Cir. 2006)(quoting <u>United State v. Barnes</u>, 486 F.2d 776, 779-80 (8th Cir. 1973).

In this case the government has indicated that the informant did not witness the events to be proved at trial. The government indicates that this is so, because the informant provided a mere tip to the police regarding criminal activity different from that charged in the instant superseding indictment. From the record, the undersigned finds that the informant was not a witness to facts which the government intends to prove at trial. No basis for finding that the informant's testimony would be relevant or important to the defense was presented to the court. Therefore, the privilege of the government to keep the name of the confidential informant secret is paramount to the need of the defendant to have this information to prepare his defense. Roviaro v. United States, 353 U.S. 53, 59-62 (1957); United States v. Sykes, 977 F.2d 1242, 1245-46 (8th Cir. 1992). The identity of a mere "tipster" is not vital to a fair trial and disclosure is not required. United States v. Bourbon, 819 F.2d 859, 860 (8th Cir. 1987).

This motion will be denied.

For these reasons,

**IT IS HEREBY ORDERED** that the motion of defendant Marco Cardoso-Cisneros to withdraw his previously filed motions to suppress (Doc. 72) is sustained.

**IT IS FURTHER ORDERED** that Clerk administratively terminate the following motions because they have been withdrawn:

a. Doc. 36: oral motion of defendant Marco Cardoso-Cisneros to suppress;
b. Doc. 47: documentary motion of defendant Marco Cardoso-Cisneros for disclosure of expert witness;
c. Doc. 48: documentary motion of defendant Marco Cardoso-Cisneros to exclude certain evidence;
d. Doc. 50: documentary motion of defendant Marco Cardoso-Cisneros to suppress statements; and
e. Doc. 54: documentary motion of defendant Marco Cardoso-Cisneros to suppress physical evidence.

**IT IS FURTHER ORDERED** that the still pending motion of appointed Edward K. Fehlig, Jr., to represent defendant Marco Cardoso-Cisneros

(Doc. 21), and the still pending motion of defendant to continue proceedings (Doc. 22) are sustained.

**IT IS FURTHER ORDERED** that the oral motion of the government for a determination by the court of the admissibility or not or arguably suppressible evidence (Doc. 37) is denied as moot.

**IT IS FURTHER ORDERED** that the motion of defendant Marco Cardoso-Cisneros for disclosure of the confidential informant (Doc. 47) is denied.

The parties are advised that they have ten days in which to file written objections to this Order. The failure to file timely written objections may waive the right to appeal issues of fact.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 15, 2009.